UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-CR-0206-CVE |
| | ) |
| LEVI MCCRAE LUGINBYHL, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the Defendant's Motion to Bifurcate Proceedings (Dkt. # 49). Defendant Levi McCrae Luginbyhl ("Luginbyhl") is charged in the Indictment (Dkt. # 2) with possession of a firearm and ammunition after former felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) [Count One]; and knowingly possessing a shotgun having a barrel of less than 18 inches in length in violation of 26 U.S.C. §§ 5841, 5845(a)(1), 5861(d), and 5871 [Count Two]. Defendant requests that the Court bifurcate the proceedings such that the jury hears evidence and deliberates on Count Two prior to hearing evidence and deliberating on Count One. For the reasons set forth below, the Court finds that the motion to bifurcate should be denied.

I.

The Tenth Circuit has consistently upheld joinder of multiple counts in a single trial when a defendant is charged with being a felon in possession of a firearm in addition to substantive crimes. See, e.g., United States v. Jones, 213 F.3d 1253, 1260-61 (10th Cir. 2000) (felon in possession and robbery); United States v. Cox, 934 F.2d 1114, 1119-20 (10th Cir. 1991) (felon in possession and drugs). Joinder of the firearm and status offense with the substantive fiarearm crime is appropriate under Fed. R. Crim. P. 8(a), which provides that "[t]wo or more offenses may be

charged in the same indictment . . . in a separate count for each offense if the offenses charges . . . are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Here, the felon in possession of a firearm and ammunition charge [Count One] arises from the same act as the firearm charge in Count Two.

It is within the sound discretion of the trial court to determine whether counts should be severed pursuant to Fed. R. Crim. P. 14 if the defendant will be prejudiced by the joinder. The Tenth Circuit in United States v. Valentine, 706 F.2d 282, 290 (10th Cir. 1983), found persuasive a Third Circuit guideline that "severance should be granted where evidence of the prior conviction would be admissible on one or more counts but inadmissible on others." However, in that case involving the joinder of substantive drug offenses with firearms status crimes, the Valentine court nonetheless declined to follow the Third Circuit guideline. Here, the Court finds that, as in Jones, Cox, and Valentine, prejudice to defendant does not require the severance of Count One from Count Two. Any prejudice to defendant from references to his criminal history will be substantially minimized if defendant stipulates to his status as a former felon and if the Court includes a limiting instruction directing the jurors to consider each count separately.

Rather than sever the counts, defendant urges the Court to bifurcate the case such that the jury would hear the evidence and deliberate on the felon in possession count after it hears evidence and deliberates on Count Two, as the district court did in United States v. Joshua, 976 F.2d 844, 848 (3d Cir. 1992) (abrogated on other grounds by Stinson v. United States, 508 U.S. 36 (1993)). The Third Circuit concluded that the bifurcation procedure "strikes an appropriate balance between the concern about prejudice to the defendant and considerations of judicial economy." Id. It explained, "[t]he defendant's criminal past is not made known to the jury until after they have reached a verdict

with respect to the other charges. At the same time, this procedure is considerably more efficient than conducting an entire new jury trial on the weapon possession charge at a later date." Id. The Court acknowledges that bifurcation conserves judicial resources better than severance because bifurcation does not require empaneling a new jury or conducting a wholly separate trial. Further, bifurcation prevents the jury from considering defendant's status as a convicted felon in deliberating as to Count Two. Bifurcation is not the only means to minimize prejudice to defendant, however. As discussed above, prejudice to defendant can be minimized through a stipulation as to defendant's former felon status and the Court's inclusion of a limiting instruction to the jury. See United States v. Nguyen, 88 F.3d 812, 815-16 (9th Cir. 1996) (noting that, to prevent the jury from improperly considering the evidence of a prior conviction when deliberating about the other felony charges, various courts have used severance of the counts, bifurcation of the trial to separate the felon in possession count from the other counts, or stipulation to the prior felony so that the jury does not hear about the prior bad act). Given the availability of other means of minimizing prejudice to defendant, the Court denies defendant's motion to bifurcate the trial.

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Bifurcate Proceedings (Dkt. # 49) is hereby **denied**.

**DATED** this 6th day of August, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT