UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-CR-0206-CVE |
| | ) |
| LEVI MCRAE LUGINBYHL, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court are several motions (Dkt. ## 51, 52, 53) filed by defendant Levi McRae Luginbyhl, ("Luginbyhl"): (1) the Court does not have jurisdiction; (2) notice of misprison [sic] of a felony; (3) "Fraud and Contempt of Court"; (4) violation of property rights; (5) violation of rules of initial appearance; (6) improper psychological testing; and (7) improper police action. At the suppression hearing on August 6, 2007, defendant provided the Court with additional materials supporting these motions. The Court has reviewed those materials; however, most of defendant's arguments are unintelligible. The Court finds that defendant's motions contained in Dkt. ## 51, 52, 53 are wholly without merit and should be denied.

I.

Defendant first argues that the Court lacks jurisdiction because his name appears in all capital letters in the Indictment and other court filings and because agencies such as the Social Security Administration and the Internal Revenue Service have created a "slave identification" for him. He cites to the Federal Rules of Civil Procedure, the Uniform Commercial Code, the Model Penal Code, Black's Law Dictionary, the Thirteenth Amendment, and other materials.

Defendant's argument concerning the use of capital letters in case captions and court documents is not new to the Court. This Court and other courts have heard similar arguments and have consistently rejected these arguments as meritless. See United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990) (citing numerous cases that have rejected "hackneyed tax protester" arguments); United States v. Lindsay, 184 F.3d 1138, 1144 (10th Cir. 1999) (concluding that the defendant's refusal to review court correspondence on which his name appeared in all capital letters was an obstruction of justice and provided a basis for a harsher penalty); Smith v. Kitchen, 1997 WL 768297 *1 n.1 (10th Cir. Dec. 12, 1997) (concluding that a party was not prejudiced because of the court's practice of captioning all documents with a party's full name in all capital letters); United States v. Gonzalez, 2007 WL 805992 * 3 (4th Cir. March 14, 2007) (per curium) (concluding that defendants' arguments alleging that because the indictment spelled their names using all capital letters that the government failed to properly identify them as "real, live flesh and blood M[en]" were completely frivolous).

Defendant's other arguments relating to the Court's jurisdiction are likewise frivolous. The Uniform Commercial Code, the Model Penal Code, Black's Law Dictionary and other materials cited by defendant have no bearing on this Court's jurisdiction over this action. Contrary to defendant's assertions, this Court has jurisdiction over federal criminal cases involving federal crimes, such as the offenses charged in the Indictment.

**II.**

In his motion concerning the "notice of misprison [sic] of a felony," defendant argues that the United States in Joint House Resolution 192 in 1933 subjected the entire population to involuntary servitude in violation of the Thirteenth Amendment and makes reference to an "Organic

Constitution." He also argues that he must give "informed consent" before any "code" is invoked by law enforcement officers or this Court; failure to obtain consent constitutes a violation of his due process rights. The Court finds this motion to be unintelligible and finds that defendant has failed to present any evidence that he has been subject to "involuntary servitude" in violation of the Thirteenth Amendment.

### III.

Defendant argues that any error committed in a court proceeding as to him is "fraud and contempt" on the Court. He refers to a document that stated that he had "tattoos on both knuckles" and considers this "clear fabrication of evidence and record of fraud." Dkt. # 51, at 4. It is unclear to which documents defendant refers, and the Court is unable to assess whether they contain any factual inaccuracies (such as a misstatement regarding tattoos). The Court finds defendant's motion concerning "fraud and contempt of the Court" to be unintelligible and without merit.

In this motion, defendant also raises complaints about the police action on November 15, 2006. The Court has already addressed defendant's encounter with the police on November 15, 2006 in its Opinion and Order (Dkt. # 63) denying defendant's motion to suppress. The Court need not readdress those issues.

Finally, defendant expresses concern that he has been denied access to a law library during his detention and that his personal records through the mail have been "screened and hindered improperly." It appears that defendant believes that the prison officials have violated his

constitutional rights by restricting his access to the law library[1] and screening his mail. The Court finds that this criminal action is not the appropriate venue for these allegations. To the extent that plaintiff wishes to bring a § 1983 claim against prison officials, plaintiff must file a separate action.[2] Cf. Berger v. White, 2001 WL 433383 (10th Cir. April 27, 2001) (addressing a prisoner's § 1983 claim regarding the prison mail system).

## IV.

Defendant next argues that he could own a gun under the "Common Law Venue" and that his right to possess a gun is a Second Amendment right. He claims that breach of this right violations "The Eminent Domain Clause, the Establishment Clause, the Supremacy Clause and the Separation of Powers Clause." Dkt. # 52, at 5. It is well established that the right to bear arms under the Second Amendment is subject to the federal criminal laws. Legislative restrictions on the use of firearms do not infringe on constitutionally protected liberties. See United States v. Miller, 307 U.S. 174, 178 (1939) (the Second Amendment guarantees no right to keep and bear a firearm that does not have "some reasonable relationship to the preservation or efficiency of a well regulated militia"); United States v. Johnson, 497 F.2d 548 (4th Cir. 1974) (the statute prohibiting the transportation of a firearm in interstate commerce after having been convicted of a felony is not

---

[1] According to the Supreme Court, "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977) (emphasis added). In this action, defendant is represented by an attorney trained in the law. Thus, even to the extent that his access to the prison law library is restricted, which is unclear, it does not appear that defendant has been denied access to the courts.

[2] The Court notes that defendant has filed a separate civil action naming the David L. Moss criminal Justice Center as defendant in Case No. 07-CV-0162-TCK-SAJ. In his amended complaint (Dkt. # 5), he alleges denial of access to court, mail fraud, and other claims.

unconstitutional as violative of defendant's Second Amendment right to keep and bear arms); Cody v. United States, 460 F.2d 34 (8th Cir. 1972) (federal statute making it an offense for person to acquire firearm or ammunition by knowingly making a false statement to dealer with respect to any fact material as to lawfulness of sale does not violate convicted felon's Second Amendment right to bear arms). The federal criminal statutes which form the basis of the Indictment in no way violate defendant's property rights.

**V.**

Defendant also argues that "any fact conclusively presumed against a criminal defendant is a denial of due process." DKt. # 52, at 5. The Court assures defendant that, if defendant wishes to proceed to trial, the jury will be instructed that defendant is presumed innocent and that the United States must prove each element of each offense beyond a reasonable doubt. No facts will be "conclusively presumed" against defendant.

Defendant also argues that he is not lawfully before the Court by means of arrest. In effect, he contends that he should have been personally served like a defendant in a civil matter. However, the Federal Rules of Criminal Procedure, not the Federal Rules of Civil Procedure, apply in a criminal case. Here, defendant was arrested by the Tulsa Police Department during the events of November 15, 2006, and thereafter indicted by a federal grand jury. A federal arrest warrant was issued. Dkt. # 3; see Fed. R. Crim. P. 9(a). Defendant is lawfully before this Court.

In addition, defendant argues that he must be in some contractual relationship with the government for it to proceed in this criminal action. "To proceed without such a contract would be a form of involuntary servitude." Dkt. # 53, at 6. Once again, the Court finds this argument entirely

5

meritless. The United States need not form a written contract with defendant before the federal criminal laws apply to him.

### VI.

Defendant argues that the psychological testing done on him was improper and forms the basis for dismissal of his case. The Court issues a separate sealed order addressing this argument. For the reasons stated in that sealed order, the Court denies this motion.

### VII.

Finally, defendant contends that he was the victim of improper police action. To the extent that this motion relates to his motion to suppress, the Court notes that it has already denied the motion to suppress and will not revisit the issues raised in that motion. To the extent that defendant argues that the police have no authority to arrest him or other take action to enforce the law, the Court finds defendant's motion frivolous. Defendant compares police officers to "bounty hunters" and argues that police officers must be "instituted under election." Dkt. # 50, at 7. The case to which defendant cites, Taylor v. Taintor, 83 U.S. 366 (1872), lends no support to his position.

### VIII.

In summary, the Court finds all of defendant's motions to be meritless.

**IT IS THEREFORE ORDERED** that all of defendant's motions contained in Dkt. ## 51, 52, 53 are hereby **denied**.

**DATED** this 16th day of August, 2007.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT