# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-CR-0206-CVE |
| | ) | (11-CV-83-CVE-FHM) |
| LEVI MCRAE LUGINBYHL, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the court are defendant's motion for relief under the All Writs Act (Dkt. # 147) and defendant's motion to reconsider the denial of his motion for relief under 28 U.S.C. § 2255 (Dkt. # 148). Construing defendant's pro se pleadings broadly, it appears that he is asking the Court to reconsider its decision denying his § 2255 motion, and is asserting new claims that he is being held in custody in violation of the United States Constitution and numerous statutes, including the Uniform Commercial Code.

Defendant was convicted of possessing a firearm after former felony conviction and possessing a shotgun with a barrel of less than 18 inches in length, and the Court sentenced defendant to 95 months imprisonment on each count, with each sentence to run concurrently with the other. Dkt. # 101, at 2. Defendant appealed his convictions and sentence to the Tenth Circuit Court of Appeals and, on April 16, 2009, the Tenth Circuit entered an order and judgment (Dkt. # 129) affirming this Court's decision. On January 31, 2011, defendant filed a motion seeking his release from prison (Dkt. # 132) and the Court notified defendant that it would treat this motion as a motion to vacate, set aside, or correct sentence under § 2255. See Dkt. # 133. The Court provided defendant a deadline to withdraw his motion or file a supplemental pleading with all claims

defendant intended to assert under § 2255. Id. If defendant chose not to withdraw his motion, the Court directed defendant to show no later than March 9, 2011 why his § 2255 motion was not time-barred. Defendant subsequently filed four pleadings but he did not address the timeliness of his § 2255 in any of those pleadings. Dkt. ## 134, 135,138, 139. On March 24, 2011, the Court entered an opinion and order (Dkt. # 143) dismissing as time-barred plaintiff's § 2255 motion. On June 6, 2011, defendant filed a motion claiming that he had not received a ruling on his § 2255 motion. Dkt. # 145. The Court sent defendant copies of all orders entered by the Court concerning his § 2255 motion. See Dkt. # 146.

Defendant asks the Court to reconsider its decision to deny his § 2255 motion. Dkt. # 148. Under Tenth Circuit precedent, a motion to reconsider the denial of a § 2255 motion must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 60(b) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524 (2005). To avoid classification as a second or successive § 2255 motion, the Rule 60(b) motion must challenge "some defect in the integrity of the federal habeas process" rather than the "substance of the federal court's resolution of a claim on the merits." Id. at 532. Defendant's motion to reconsider is largely unintelligible, but the Court can discern no argument challenging a defect in the procedure afforded to defendant. See Dkt. # 148. Instead, defendant asserts that he should be released from prison. Thus, defendant's motion to reconsider is not a true motion to reconsider under Fed. R. Civ. P. 60(b), and his motion should be construed as a second or successive § 2255 motion.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

The Court finds that defendant's motion to reconsider (Dkt. # 148) should be dismissed for lack of jurisdiction, because the motion is a second or successive § 2255 motion and the interests of justice do not require this Court to transfer defendant's motion to the Tenth Circuit. Defendant does not assert any claim that meets the requirements of § 2255(h) for filing a second or successive § 2255 motion, and there is no possibility that a meritorious claim will be lost absent transfer of defendant's motion to the Tenth Circuit.

Defendant also seeks relief under the All Writs Act, 28 U.S.C. § 1651. Dkt. # 147. Before the Court can review the merits of defendant's motion, he must show that he is authorized to seek

relief under the All Writs Act, which states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. However, common law writs, such as the writ of error coram nobis and writ of audita querela, are extraordinary remedies which are allowed under compelling circumstances only. United States v. Morgan, 346 U.S. 502 (1954) ("Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed only under circumstances compelling such action to achieve justice."). As an extraordinary remedy, relief under the All Writs Act is available only when § 2255 motions or other forms of relief are not available. Ward v. United States, 381 F.2d 14, 15 (10th Cir. 1967); Adam v. United States, 274 F.2d 880, 882 (10th Cir. 1960); see also Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255.").

Defendant has not shown that this Court has the authority to grant relief under the All Writs Act. The All Writs Act is not the appropriate avenue for relief when asking a federal court to vacate or set aside a criminal conviction or sentence that the defendant is currently serving. United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002). Defendant's only avenue to seek his release from prison is § 2255, and he has already filed an unsuccessful § 2255 motion (Dkt. # 132). Defendant's motion for relief under the All Writs Act is more appropriately construed as a request to file a second or successive § 2255 motion. Torres, 282 F.3d at 1246. The Court has determined that defendant's motion to reconsider (Dkt. # 148) did not assert any claim that would likely meet the requirements for a second or successive § 2255 motion, and the same reasoning applies to defendant's motion for relief under the All Writs Act. Even if the Court could reach the merits of

4

defendant's claims, the claims are either unintelligible or meritless and there is no risk that a meritorious claim would be lost absent transfer of defendant's motion to the Tenth Circuit for consideration as a second or successive § 2255 motion. Thus, defendant's motion for relief under the All Writs Act (Dkt. # 147) should also be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's motion for relief under the All Writs Act (Dkt. # 147) and defendant's motion to reconsider the denial of his motion for relief under 28 U.S.C. § 2255 (Dkt. # 148) are **dismissed for lack of jurisdiction**.

**DATED** this 18th day of July, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT