# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 06-CR-0206-CVE |
|  | ) | (11-CV-83-CVE-FHM) |
| LEVI MCRAE LUGINBYHL, JR., | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

This matter comes on for consideration of defendant's Motion to Issue a Writ of Scire Facias, Audita Querela, Quo Warranto, Prohibition, Mandamus, or All Writs Necessary to Suspend the Sentence, or to Suspend the Execution of Sentence, or to Recall the Order of Judgment and Sentence, or to Discharge Movant from the Crime Effect (Dkt. # 163). Defendant argues that Title 18 of the United States Code in its entirety is invalid due to procedural errors committed by the House of Representatives and the United States Senate when H.R. 3190 was passed. According to defendant, his conviction was based on a statute that was not properly enacted and his conviction is void.

Defendant was convicted of possession of a firearm after former felony conviction and possession of an unregistered shotgun with a barrel less than 18 inches in length, and he was sentenced to 95 months imprisonment. Dkt. # 101. Defendant appealed his convictions and sentence, and this Court's judgment was affirmed. Dkt. # 129. Defendant has filed several post-conviction motions. The Court advised defendant that it would characterize his initial post-conviction motion (Dkt. # 132) as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and directed defendant to show why his motion was not time-barred. Dkt. # 133.

Defendant's § 2255 motion was subsequently dismissed as time-barred. Dkt. # 143. Defendant asked the Court to reconsider its decision (Dkt. # 148) and to set aside his convictions and sentence under the All Writs Act, 28 U.S.C. § 1651 (Dkt. # 147). The Court found that the motions should be construed as second or successive § 2255 motions, and the motions were dismissed for lack of jurisdiction. Dkt. # 149. Defendant now asks the Court to grant him relief under the All Writs Act based on his assertion that every statute in Title 18 of the United States Code is invalid. Dkt. # 163. He appears to be arguing that the jurisdictional statute, 18 U.S.C. § 3231, and the statute governing one of his firearms offenses, 18 U.S.C. § 922, were not properly enacted, and the Court had no power to hear his case or convict him under an invalid criminal statute.

Before the Court can review the merits of defendant's motion, he must show that he is authorized to seek relief under the All Writs Act, which states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. However, common law writs, such as the writ of error coram nobis and writ of audita querela, are extraordinary remedies which are allowed under compelling circumstances only. United States v. Morgan, 346 U.S. 502 (1954) ("Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed only under circumstances compelling such action to achieve justice."). As an extraordinary remedy, relief under the All Writs Act is available only when § 2255 motions or other forms of relief are not available. Ward v. United States, 381 F.2d 14, 15 (10th Cir. 1967); Adam v. United States, 274 F.2d 880, 882 (10th Cir. 1960); see also Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). Defendant has not

2

shown that this Court has the authority to grant relief under the All Writs Act. Id. at 1245. Instead, defendant must seek relief under § 2255. Defendant filed a § 2255 motion (Dkt. # 132), and his motion was denied. A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); Torres, 282 F.3d at 1246.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips

3

v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

In this case, there is no risk that a meritorious claim will be lost if defendant's motion is dismissed, because his argument concerning the alleged invalidity of Title 18 of the United States Code is meritless. This argument has been attempted many times and has been rejected by numerous federal courts. See United States v. Abdullah, 289 Fed. Appx. 541 (3d Cir. 2008); United States v. Campbell, 221 Fed. Appx. 459 (7th Cir. 2007); Pegues v. United States, 2011 WL 5037509 (M.D. Ala. Sep. 26, 2011); Garey v. United States, 2010 WL 2507834 (M.D. Ga. Mar. 29, 2010); Garcia-Becerra v. United States, 2008 WL 2944558 (S.D. Tex. July 23, 2008); Mayfield v. United States Attorney General, 2008 WL 2130234 (E.D. Tex. May 16, 2008); United States v. Risquet, 426 F. Supp. 2d 310 (E.D. Pa. 2006); United States v. Lawrence, 2006 WL 250702 (N.D. Ill. Jan. 27, 2006). These are simply a few of the cases in which defendant's argument has been considered and rejected, and the Court finds that defendant's motion should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Motion to Issue a Writ of Scire Facias, Audita Querela, Quo Warranto, Prohibition, Mandamus, or All Writs Necessary to Suspend the Sentence, or to Suspend the Execution of Sentence, or to Recall the Order of Judgment and Sentence, or to Discharge Movant from the Crime Effect (Dkt. # 163) is **dismissed for lack of jurisdiction**. A separate judgment is entered herewith.

**DATED** this 3rd day of February, 2012.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

4